## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SHORTY SMALL'S, INC., | ) | Case No. 11-11-12586 |
| | ) | (Chapter 11) |
| Debtor. | ) | |

## DEBTOR'S EMERGENCY MOTION FOR ORDER DIRECTING
## JOINT ADMINISTRATION OF CHAPTER 11 CASES AND BRIEF IN SUPPORT

Debtor, Shorty Small's, Inc. ("SSI"), moves this Court pursuant Section 101(2) of Title 11 of the Bankruptcy Code, and Rule 1015 of the Federal Rules of Bankruptcy Procedure for an order granting its Emergency Motion for Order Directing Joint Administration of Chapter 11 Cases (the "Motion"). In support thereof, Debtor states as follows:

### JURISDICTION AND STATUTORY PREDICATE

1.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.      The statutory predicates for the relief sought are Section 101(2) of Title 11 of the Bankruptcy Code, and Rule 1015 of the Federal Rules of Bankruptcy Procedure.

### RELEVANT FACTUAL BACKGROUND

3.      On May 13, 2011, SSI and its eight affiliate restaurant operating companies (collectively the "SS Restaurants") filed their respective voluntary petitions for relief

under chapter 11 of the Bankruptcy Code.  These entities are affiliates as defined by 11 U.S.C. § 101(2).

4.      SSI is a restaurant chain operating from Oklahoma City, Oklahoma, these 8 restaurants.  All of the business records, management, banking and business control of all of SSI and the SS Restaurants sit in Oklahoma City.  SSI is the parent company and wholly owns Restaurant Concepts and Designs, Inc. (West Little Rock, Arkansas); Shorty Small's of North Little Rock, Inc. (North Little Rock, Arkansas); Shorty Small's of Branson, Inc. (Branson, Missouri); Shorty Small's of Conway, Inc. (Conway, Arkansas); Shorty Small's of Jonesboro, Inc. (Jonesboro, Arkansas); and Shorty Small's of Wichita, Inc. (Wichita, Kansas).  Shorty Small's of Branson, Inc. owns 80% of Shorty Small's of Lake Taneycomo, L.L.C. (Branson, Missouri) with the remaining 20% owned by 2 insiders.

5.      SSI is a restaurant chain operating from Oklahoma City, Oklahoma these 8 restaurants.  All of the business records, management, banking and business control of all of SSI and the SS Restaurants sit in Oklahoma City.

6.      SSI continues to operate its businesses as debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

7.      The need to seek relief through bankruptcy resulted from several factors: (a) extensive litigation and expense involving a closed store in which an insider furthered the litigation in the case styled *JP Morgan Chase Bank, N.A. v. Specialty Restaurants,*

*Inc., et al.*, District Court of Oklahoma County Case No. CJ-2005-7869, (b) the general economic turmoil experienced throughout the restaurant business over the past two years and (c) expensive borrowing by SSI and the SS Restaurants at interest rates greater than that which the businesses could support.

8.      In support of this Motion, and SSI's other first day motions, SSI is submitting the Affidavit of Paul G. Kreth on behalf of SSI.  SSI hereby incorporates by reference the facts set forth in that Affidavit as though fully set forth herein.

## ARGUMENT AND AUTHORITY

9.      Bankruptcy Rule 1015(b) provides this Court with the authority to enter an order directing that multiple cases be jointly administered.  Bankruptcy Rule 1015(b) states in pertinent part that in cases involving two or more related debtors, "if a joint petition or two or more petitions are pending in the same court by or against … (4) a debtor and an affiliate, the court may order a joint administration of the estates."

10.      11 U.S.C. § 101(2) defines an affiliate to include an entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

11.      The entry of an order for joint administration in related cases such as these is common.  *See, e.g., In re Roma Foods of Oklahoma, Inc., et al.*, Case No. 09-12488 (Bankr. W.D. Okla. May 11, 2009); *In re Harold's Stores, Inc.*, Case No. 08-15027

(Bankr. W.D. Okla. Nov. 7, 2008); *In re Homeland Holding Corp.*, Case No. 01-17869 (Bankr. W.D. Okla. August 1, 2001).

12.    Joint administration of these cases will facilitate the administration of these cases and allow the SS Restaurants and the Court to avoid unnecessary duplication of time and expense.  In addition, entry of an order directing joint administration will allow the SSI Restaurants to avoid considerable unnecessary time and expenses by, among other things, removing the need to file duplicate motions and forward duplicate notices to creditors and parties-in-interest.

13.    The rights of the SS Restaurants' respective creditors will not be adversely affected by the joint administration of these cases because the Motion requests only administrative consolidation of the estates.

14.    SSI submits that joint administration will also relieve the Court from the burden of entering duplicative orders and maintaining duplicative files; will simplify the Office of the United States Trustee's supervision of the administrative aspects of these Chapter 11 cases; will relieve the creditors with claims against all Small's Debtors from multiple filings.

## RELIEF REQUESTED

15.    By this Motion, SSI respectfully requests that this Court enter an Order pursuant to Bankruptcy Rule 1015(b) directing the joint administration of these Chapter 11 cases.  SSI further requests that such relief apply generally to each of the SSI

Restaurants presently filed Chapter 11 cases and pleadings, and that such pleadings bear the following joint administration caption:

*IN THE UNITED STATES BANKRUPTCY COURT*
*FOR THE WESTERN DISTRICT OF OKLAHOMA*

| | | |
|---|---|---|
| *In re:* | ) | |
| | ) | |
| *SHORTY SMALL'S, INC., et al.,* | ) | *Case No. 11-12586* |
| | ) | *(Chapter 11)* |
| *Debtor.* | ) | *Jointly Administered* |

After the "SHORTY SMALL'S, INC., et al." designation, there will be a footnote identifying all Shorty Small's, Inc. affiliates, so that all parties names will be readily identifiable.  SSI requests that no other information beyond that set forth above be required for captioned pleadings in these cases.

## CONCLUSION

WHEREFORE, Shorty Small's, Inc., requests the entry of an Order directing the joint administration of this case and the bankruptcy cases of *In re: Restaurant Concepts and Designs, Inc.*, Bankruptcy Case No. 11-12587; *In re: Shorty Small's of North Little Rock, Inc.*, Bankruptcy Case No. 11-12588; *In re: Shorty Small's of Branson, Inc.*, Bankruptcy Case No. 11-12589; *In re: Shorty Small's of Conway, Inc.*, Bankruptcy Case No. 11-12590; *In re: Shorty Small's of Jonesboro, Inc.*, Bankruptcy Case No. 11-12591; *In re: Shorty Small's of Wichita, Inc.*, Bankruptcy Case No. 11-12593; and *In re: Shorty*

*Small's of Lake Taneycomo, LLC.*, Bankruptcy Case No. 11-12595; *In re:* and *Specialty Restaurants, Inc.*, Bankruptcy Case No. 11-12594.

DATED: May 13, 2011.

Respectfully submitted,

PHILLIPS MURRAH P.C.

/s/ Robert J. Haupt
Robert J. Haupt, OBA No. 18940
Andrew R. Chilson, OBA No. 30040
Corporate Tower, Thirteenth Floor
101 North Robinson Avenue
Oklahoma City, Oklahoma 73102
405.235.4100 – telephone
405.235.4133 – facsimile
rjhaupt@phillipsmurrah.com
archilson@phillipsmurrah.com
ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2011, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Charles S. Glidewell
Assistant U.S. Trustee

I further certify that on the May 13, 2011, a true and correct copy of the above and foregoing was served via U.S. Mail, postage prepaid to the parties appearing on the Matrix attached hereto.

/s/ Robert J. Haupt

00558693.DOC                                    7                                    21052.78001